UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 04-11758 |
| | : | CHAPTER 7 |
| DAVID E. ZOFKO, DEBTOR | : | |
| | : | |
| THE CADLE COMPANY, Plaintiff | : | ADVERSARY NO. 04-1157 |
| vs. | : | |
| DAVID E. ZOFKO, Defendant | : | |

APPEARANCES:

MICHAEL A. AGRESTI, ESQ., ERIE, PA, ATTORNEY FOR DAVID E. ZOFKO
MARK G. CLAYPOOL, ESQ., ERIE, PA, ATTORNEY FOR THE CADLE COMPANY
ROGER J. STEVENSON, ESQ., AKRON, OH, ATTORNEY FOR THE CADEL COMPANY

WARREN W. BENTZ, U.S. BANKRUPTCY JUDGE

FEBRUARY 7, 2008

OPINION[1]

Introduction

This matter is before the Court on remand from the United States District Court for further fact finding.

Following remand, we inquired of the parties as to whether the evidentiary record was sufficient or whether further evidence need be taken. Cadle requested an opportunity for a further evidentiary hearing which was held on October 25, 2007.

---

[1] The within Opinion supplements our Opinion dated June 27, 2006 and familiarity with the findings of fact and conclusions of law set forth therein is assumed. Defined terms in this Opinion have the same meaning as in our prior Opinion.

1

### Additional Evidence

Counsel for Cadle called one additional witness, Gary V. Skiba ("Trustee") who serves as the Chapter 7 Trustee in this bankruptcy case. The Trustee learned of the Zofko Family Trust in September, 2006 when alerted by counsel for Cadle. The failure of Debtor to list his interest in the Trust as an asset in his bankruptcy estate is a principle element of Cadle's complaint.

Mrs. Pepino has advised the Trustee of her position that the Debtor borrowed $35,000 from the Trust in August, 1991; that Debtor never repaid the Trust; that the amount of Debtor's debt now due the Trust exceeds $111,026; and that "[s]ince the debt was specifically to be forgiven against his allotment from the trust, and his future interest is less than his indebtedness, he has no interest in the trust assets, nor will in the future as assets are depleted to support my mother, pursuant to the trust directive."

The Trustee has investigated and continues to investigate to determine the value of the trust assets and whether any benefit from the Zofko Family Trust is available for the bankruptcy estate. Over a year elapsed from the time Cadle advised the Trustee of the Debtor's alleged interest in the Trust, to the date of the re-hearing.

The Trustee has not learned anything to suggest that Mrs. Pepino was not truthful when she testified that she understood that the Debtor had no interest in the Trust and was surprised to learn that Debtor may still have an interest in the Trust.

### District Court Concerns

### I. Intent

The District Court found it unclear whether the correct legal standard was applied relative to intent. The District Court states:

> It is not clear from the Bankruptcy Court's analysis whether it
> applied the correct legal standard relative to intent. It appears to be

2

> a widely accepted principle that the relevant fraudulent intent under § 727(a)(4)(A) can be established by a showing of the Debtor's "reckless indifference to the truth," which may include a pattern of nondisclosure. See In re Dolata, 306 B.R. at 149 (quoting In re Dubrowsky, 244 B.R. at 576) (additional citations omitted); In re Spitko, *supra*, at *35 (reckless indifference to the truth will fall within the scope of § 727(a)(4)(A) if the subject matter is material to the administration of the bankruptcy case) (citing Matter of Beaubouef, 966 F.2d at 178).  See also In re Mitchell, 102 Fed. Appx. 860 (5th Cir. 2004) (reckless indifference to truth supports denial of discharge under § 727(a)(4)); In re Keeney, 227 F.3d 679, 685-86 (6th Cir. 2000) (same); In re Chavin, 150 F.3d 726, 728 (7th Cir. 1998) (same); In re Hatton, 204 B.R. 477, 484 (E.D. Va. 1997) (same). Because the Bankruptcy Court did not reference this standard in its memorandum opinion, it is not clear to us whether the Bankruptcy Court applied this standard in finding that Debtor lacked the requisite intent to defraud.

Cadle Co. v. Zofko, Case No. 1:06cv170 (W.D. Pa. filed Jan. 23, 2007).

## II. Materiality

The District Court also found that the wrong legal standard was applied to determine the materiality of the Debtor's misstatements.  The District Court states:

> First, it appears that the Bankruptcy Court applied the wrong legal standard in determining the materiality of the Debtor's misstatements. In its written opinion, which constituted its findings of fact and conclusions of law, the Bankruptcy Court addressed *seriatim* the various assets which Cadle had complained were not properly reported on Debtor's Bankruptcy Schedules and Statement of Financial Affairs. As to several items, the Bankruptcy Court's analysis focused on the pecuniary value of the asset in question and whether its omission from the Debtor's Bankruptcy Schedules and Statement of Financial Affairs substantially impacted the creditors' recovery from the estate. In this respect the Bankruptcy Court's legal analysis was flawed.
>
> In determining whether an omission is material for purposes of § 727(a)(4)(A), "the issue is not merely the value of the omitted assets or whether the omission was detrimental to creditors." 4 Collier on Bankruptcy, ¶ 727.04[1], at 727-59. Rather, for purposes of § 727(a)(4)(A), the test for "materiality" is whether the subject matter of the false oath "bears a relationship to the bankrupt's business transactions or estate, or concerns the

3

discovery of assets, business dealings, or the existence and disposition of his property." In re Chalik, 748 F.2d 616, 618 (11th Cir. 1984). See also; In re Spitko, *supra*, at *35; In re Dolata, 306 B.R. at 148 (quoting In re Wilson, 290 B.R. 333, 337 (Bankr. C.D. Ill. 2002)). As one court has noted:

> ... undergirding this analysis of 11 U.S.C. § 727(a)(4)(A) is that section's purpose of insuring that the chapter 7 debtor has made honest and accurate disclosure of his financial circumstances so the bankruptcy trustee and creditors have sufficient information for the proper administration of the chapter 7 case, without having to conduct costly investigations. *See In re Aubrey*, 111 B.R. 268, 274 (B.A.P. 9th Cir. 1990); *In re Burnley*, 1999 WL 717215, at *3 (E.D. Pa.1994). The bankruptcy process depends upon the complete and candid disclosure of assets, income, expenses and liabilities of the debtor. *See generally Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414 (3d Cir. 1988) (failure to disclose a claim in a bankruptcy case may estop the debtor from later asserting that claim).

In re Spitko, *supra*, at *36. Thus, the omission even of assets having little value can be material. In re Strickland, 350 B.R. at 165. Proof of actual harm to creditors is unnecessary, and the debtor cannot excuse the omission merely by claiming that the undisclosed property was of little value to the estate. In re Spitko, *supra*, at *35 (citing cases). Accord In re Strickland, 350 B.R. at 165 (even if debtor's interest in hair stylist business had nominal value, it would be material since it related to the debtor's business dealings; therefore disclosure on debtor's Schedules and Statement of Financial Affairs was required).

Id.

## Discussion

Section 727(a)(4)(A) of the Bankruptcy Code provides, in pertinent part, that the court shall grant a debtor a discharge unless the debtor "knowingly and fraudulently, in or in connection with the case[,] made a false oath or account." 11 U.S. C. § 727(a)(4)(A).

4

In order to deny a discharge to a debtor under this subparagraph, a plaintiff must establish that: (1) the debtor knowingly and fraudulently; (2) in connection with a case; (3) made a false oath or account; (4) regarding a material matter.  In re Keeney, 227 F.3d 679 (6th Cir. 2000); In re Korte, 262 B.R. 464, 476 (8th Cir. BAP 2001).  The Court of Appeals for the Third Circuit has stated:

> Section 727(a)(4)(a) of the Bankruptcy Code provides, in pertinent part, that the court shall grant a debtor a discharge unless the debtor "knowingly and fraudulently, in or in connection with a case[,] made a false oath or account."  11 U.S. C. § 727(a)(4)(a).  The party objecting to discharge has the burden of proof by a preponderance of the evidence.  *See Grogan v. Garner*, 498 U.S. 279, 289-90, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); Fed. R. Bankr.P. 4005.  The objecting party must prove an "actual intent on the part of the bankrupt to hinder, delay, and defraud his creditors." *In re Topper*, 229 F.2d 691, 692 (3d Cir. 1956) (citation and internal quotations omitted).

In re Georges, 138 Fed. Appx. 471 (3d. Cir. 2005).

"Multiple inaccuracies or falsehoods may rise to the level of reckless indifference to the truth which is the functional equivalent of intent to deceive."  In re Bren, 303 B.R. 610, 614 (8th Cir. BAP 2004) rev'd on other grounds, 122 Fed. Appx. 285 (8th Cir. 2005).  "Not caring whether some representations are true or false – – the state of mind known as 'reckless disregard' – – is, at least for purposes of the provisions of the Bankruptcy Code governing discharge, the equivalent of knowing that the representation is false and material."  In re Chevin, 150 F.3d 726, 728 (7th Cir. 1998).  See also In re Self, 325 B.R. 224, 248 (Bankr. N.D. Ill. 2005).

"A debtor will not be denied a discharge if a false statement is due to mere mistake or inadvertence.  Moreover, an honest error or mere inaccuracy is not a proper basis for denial of discharge."  In re Brown, 108 F.3d 1290, 1294-95 (10th Cir. 1997).

We find that Cadle has failed to prove an actual intent on the part of the Debtor to hinder, delay and defraud his creditors. The nature of Debtor's omissions is not such that fraudulent intent can be reasonably inferred. Debtor has provided credible explanations as to all deficiencies and the evidence does not support a finding that Debtor acted cavalierly or recklessly regarding his disclosure obligations. We cannot find that Debtor made intentional untruths.

Most of the asserted omissions relate to items of trivial value or the accurate answers are disclosed elsewhere on the schedules. Where matters or property are of a trivial nature or of negligible value, it is more likely that they were omitted by mistake or inadvertence.

The most significant item is Debtor's potential interest in the Zofko Family Trust. There is no evidence that Debtor knew of such interest prior to the trial in this matter.

None of Debtor's actions or omissions taken individually or as a whole exceed innocent mistakes. We conclude that Debtor did not knowingly and fraudulently make a false oath or account and that Debtor's actions do not warrant denial of discharge.

The District Court also expressed concern about the legal standard used in determining the materiality of the Debtor's misstatements. If the Debtor has knowingly and fraudulently made a false oath, the false oath must be material. Having determined that Debtor did not knowingly and fraudulently make a false oath, the issue of materiality is moot.

An appropriate Order will be entered.

    /s/ Warren W. Bentz
    Warren W. Bentz
    United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 04-11758 |
| | : | CHAPTER 7 |
| DAVID E. ZOFKO, DEBTOR | : | |
| | : | |
| THE CADLE COMPANY, Plaintiff | : | ADVERSARY NO. 04-1157 |
| vs. | : | |
| DAVID E. ZOFKO, Defendant | : | |

## **ORDER**

This 7th day of February, 2008, in accordance with the accompanying Opinion, it shall be and hereby is ORDERED that the COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT AND TO OBJECT TO DISCHARGE filed by the Cadle Company is DISMISSED.

/s/ Warren W. Bentz
Warren W. Bentz
United States Bankruptcy Judge